# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. KING,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>EDWARD BORLA, WARDEN,<br><br>　　　　Respondent. | No. CV 25-8807-RGK(E)<br><br><br>ORDER OF DISMISSAL |

　　　　On September 15, 2025, Petitioner filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" ("the Petition"). The Petition challenges a Superior Court criminal case, case number VA091025-01 (Petition at 1). Petitioner previously challenged the same Superior Court case in a habeas petition filed in this Court in 2009. See King v. Cate, CV 09-1820-RGK(E) ("the prior habeas action"). The Magistrate Judge in the prior habeas action recommended denial and dismissal of the prior petition with prejudice as untimely. On September 29, 2009, the District Judge filed an order approving and adopting this recommendation. On the same day, this Court entered Judgment in the prior habeas action, denying and dismissing the petition with prejudice.

　　　　The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review

mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner evidently has not yet obtained authorized from the Ninth Circuit Court of Appeals. Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157.

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 3, 2025.

                                           /s/ Gary Klausner
                              R. GARY KLAUSNER
                          UNITED STATES MAGISTRATE JUDGE

PRESENTED this 3rd day of October, 2025, by:

       /S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE